UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                           Criminal No. 15-cr-20160
                                                Hon. Matthew F. Leitman

v.

D-1 CLELAN T. JONES,

      Defendant.
_____/

## **PRELIMINARY ORDER OF FORFEITURE**

Based upon Defendant Clelan T. Jones' conviction for violating 18 U.S.C. § 922(g)(1) as set forth in Count One of the Indictment, Defendant's Rule 11 Plea Agreement, the Government's Application for Entry of Preliminary Order of Forfeiture, and all the information contained in the record, and pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

      1.    The following property, which was involved in or used in Defendant's violation(s) of 18 U.S.C. § 922(g) (hereinafter "Subject Property") **IS HEREBY FORFEITED** to the United States for disposition in accordance with the law:

- One (1) Glock Inc., 23 Pistol, CAL:40, Serial Number: CZL680US,

and any right, title or interest of Defendant, and any right, title or interest

that his heirs, successors or assigns have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

2. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

3. Upon entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish on [www.forfeiture.gov](www.forfeiture.gov), notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property must file a petition with the Court within sixty (60) days of the first date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest

in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

4. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. Pursuant to Defendant's Rule 11 Plea Agreement together with Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at sentencing and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

7. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764